**22SL-CC03606**

Electronically Filed - St Louis County - August 08, 2022 - 02:46 PM

IN THE 21st CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| KEVIN HODGES, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   Cause No: |
| v. | ) |
| | ) |
| CITY OF NORMANDY | ) |
| | ) |
|     Defendant. | ) |
| | ) |
| SERVE MAYOR/CITY CLERK | ) |
| Mark Beckmann | ) |
| 7700 Natural Bridge Road | ) |
| Normandy, MO 63121 | ) |

## PETITION

COMES NOW Plaintiff, KEVIN HODGES, by and through undersigned counsel, and for his causes of action against Defendant, hereby states and alleges the following:

### JURISDICTION AND VENUE

1.      This is an action brought to remedy, inter alia, Defendant's violations of Plaintiff's rights pursuant to the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964, as amended ("Civil Rights Act"), Missouri Workers' Compensation LAW § 287.010 R.S.Mo., et seq, the Missouri Human Rights Act ("MHRA") and 42 U.S.C. § 1981.

2.      Plaintiff, KEVIN HODGES, is a 33-year-old black male who resided at all relevant times in St. Louis County, State of Missouri.

3.      Defendant, CITY OF NORMANDY, is and was at all times relevant herein a constitutional charter city of the State of Missouri.

Electronically Filed - St Louis County - August 08, 2022 - 02:46 PM

4.      Defendant, CITY OF NORMANDY, is a municipality organized and existing by virtue of the laws of the State of Missouri.

5.      On information and belief, Defendant, CITY OF NORMANDY is an employer with an excess of 100 employees.

6.      The Public Works Department is a department within the CITY OF NORMANDY.

7.      At all relevant times, Plaintiff was employed by the Defendant, CITY OF NORMANDY's Public Works Department.

8.      Defendant, CITY OF NORMANDY, is an employer within the meaning of the, ADA, Civil Rights Act, Missouri Workers' Compensation law, and MHRA.

9.      Venue is proper within this Court because the unlawful practices complained of herein occurred in the County of St. Louis, State of Missouri.

10.     Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission and has requested a right to sue from the United States Justice Department.

11.     Over 180 days have passed since Plaintiff filed his Charge of Discrimination and Plaintiff requested the right to sue from the Missouri Commission on Human Rights.

## GENERAL ALLEGATIONS

12.     In October of 2019, Plaintiff was injured at work and required hip surgery.

13.     Plaintiff was able to return to work with restrictions in March of 2020.

14.     Upon returning to work, Plaintiff's supervisor began to complain that Plaintiff was missing work because of too many doctor's appointments.

15.     In July of 2020, Plaintiff applied for a promotion but was told that he did not

Electronically Filed - St Louis County - August 08, 2022 - 02:46 PM

receive the position because of his injury.

16.     In January of 2020, Maurice Hunt, a black man, became the acting Mayor of the CITY OF NORMANDY.

17.     In early 2020,  Maurice Hunt began to have profanity laced meetings with employees.

18.     The meetings would include derogatory statements about white people and white employees of the CITY OF NORMANDY.

19.     Plaintiff's wife is white and also employed by the CITY OF NORMANDY.

20.     Plaintiff made complaints to his supervisor about the comments the Mayor was making, but nothing was done.

21.     In July of 2020, Plaintiff sustained another injury at work.

22.     Plaintiff was told that he would be terminated if he sought treatment.

23.     In late July or early August, Plaintiff complained to Maurice Hunt about the statements and comments he made about white people.

24.     Plaintiff was terminated on or about August 10, 2020 for his complaints.

## COUNT I

### (ADA–Disability Discrimination/Retaliation)

25.     Plaintiff restates and realleges paragraphs 1-24 of this Petition as if fully stated herein.

26.     At all relevant times, Defendant, CITY OF NORMANDY, was an employer and/or an agent  covered by and within the meaning of the ADA.

27.     Plaintiff's medical condition(s) are a serious medical condition that substantially limits one or more major life activity or Defendant perceived Plaintiff to have such disabilities.

Electronically Filed - St Louis County - August 08, 2022 - 02:46 PM

28.     Plaintiff's disability or perceived disability placed him as a member of a protected  class under the ADA.

29.     Plaintiff was qualified to perform the essential functions of the job.

30.     Plaintiff's disability or perceived disability was a motivating factor in Defendant, CITY OF NORMANDY'S, wrongful discriminatory treatment described and set forth above including, but not  limited to Plaintiff's termination.

31.     Plaintiff's request for accommodation was a motivating factor in Defendant's, wrongful discriminatory treatment described and set forth above including, but not  limited to Plaintiff's termination.

32.     Defendant, FAS', actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

33.     Defendant, and its agents, representatives and employees treated  Plaintiff differently than similarly situated employees based on unlawful consideration of his disability.

34.     As a direct and proximate result of Defendant, CITY OF NORMANDY'S, wrongful acts, Plaintiff  has sustained injuries and damages. These include, but are not limited to, the following: past wage  loss,  shame,  humiliation, embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and   emotional distress, all of which will continue into the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, CITY OF NORMANDY,  and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory  damages; interest, costs and reasonable attorneys' fees and  expert witness fees; any other relief afforded Plaintiff under the ADA,  and all other relief deemed just

Electronically Filed - St Louis County - August 08, 2022 - 02:46 PM

and equitable.

## COUNT II

### (Missouri Human Rights Act - Disability Discrimination)

35.     Plaintiff restates and realleges paragraphs 1 - 24 of this Petition as if fully stated herein.

36.     At all relevant times, Defendant was an individual, employer and/or agent covered by and within the meaning of the Missouri Human Rights Act.

37.     Plaintiff had or Defendant perceived Plaintiff to have a physical disability that substantially limited one or more of his major life activities.

38.     Plaintiff's disability or perceived disability was a contributing factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

39.     Alternatively, Plaintiff's disability or perceived disability was a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

40.     Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

41.     Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of disability.

42.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to the following: past wage loss; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with the enjoyment of life; and emotional distress, all of which will continue into the

Electronically Filed - St Louis County - August 08, 2022 - 02:46 PM

future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, CITY OF NORMANDY, and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under The Missouri Human Rights Act, and all other relief deemed just and equitable.

## COUNT III

### (Civil Rights Act –Race Discrimination/Retaliation)

43.     Plaintiff restates and realleges paragraphs 1-24 of this Petition as if fully stated herein.

44.     At all relevant times, Defendant, CITY OF NORMANDY was an employer and/or was an agent covered by and within the meaning of the Civil Rights Act.

45.     Plaintiff's complaints about race discriminations were a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above including, but not limited to Plaintiff's termination.

46.     Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

47.     Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of his complaints about race discrimination.

48.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages.  These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation,

Electronically Filed - St Louis County - August 08, 2022 - 02:46 PM

embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and emotional distress, all of which will continue into the future.

49.     All of the actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, CITY OF NORMANDY and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under the Civil Rights Act, and all other relief deemed just and equitable.

## COUNT IV

### (Missouri Human Rights Act –Retaliation)

50.     Plaintiff restates and realleges paragraphs 1-24 of this Petition as if fully stated herein.

51.     At all relevant times, Defendant was an individual, employer and/or agent covered by and within the meaning of the Missouri Human Rights Act.

52.     Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination, was in retaliation for making complaints about discrimination.

53.     Plaintiff's complaints were a contributing factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

Electronically Filed - St Louis County - August 08, 2022 - 02:46 PM

54.     Alternatively, Plaintiff's complaints were a motivating factor in wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

55.     Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

56.     Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful retaliation for making complaints about discrimination.

57.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to the following: past wage loss, shame, humiliation, embarrassment, anxiety, loss of sleep and interference with the enjoyment of life; and emotional distress, all of which will continue into the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, CITY OF NORMANDY and that Plaintiff be awarded past, lost wages and benefits, compensatory damages, interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under The Missouri Human Rights Act, and all other relief deemed just and equitable.

## COUNT V

### (Workers' Compensation Retaliation)

58.     Plaintiff restates and realleges paragraphs 1 - 24 of this Petition as if fully stated herein.

59.     Defendant was aware that Plaintiff had a work-related injury.

60.     Defendant was aware that Plaintiff was seeking medical treatment as a result of his work-related injury.

Electronically Filed - St Louis County - August 08, 2022 - 02:46 PM

61.     Plaintiff's workers' compensation claim and his otherwise seeking benefits under the Missouri Workers' Compensation Statute was a motivating factor in Defendant's wrongful termination of Plaintiff.

62.     Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

63.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages.  These include, but are not limited to the following: past and future wage loss; past and future lost earning capacity; past and future loss of fringe benefits; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with the enjoyment of life; and emotional distress, all of which will continue into the future.

64.     All of the actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, CITY OF NORMANDY and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under the law, and all other relief deemed just and equitable.

## COUNT VI

### ( 42 U.S.C. § 1981)

65.     Plaintiff restates and realleges paragraphs 1-24 of this Petition.

Electronically Filed - St Louis County - August 08, 2022 - 02:46 PM

66.     Defendants violated United States law, specifically 42 U.S.C. § 1981, by wrongfully terminating Plaintiff's employment and subjecting him to harassment and/or discriminatory conduct.

67.     Upon information and belief, the atmosphere at Defendant's facility was racially charged.

68.     Plaintiff's complaints about race were a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above including, but not limited to Plaintiff's termination.

69.     Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

70.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages.  These include, but are not limited to the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and emotional distress, all of which will continue into the future.

71.     All of the actions of Defendants were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, CITY OF NORMANDY and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under 42 U.S.C. § 1981,

Electronically Filed - St Louis County - August 08, 2022 - 02:46 PM

and all other relief deemed just and equitable.

**CONSTITUTIONAL CHALLENGE TO SB43**

To any extent that Plaintiff is required to raise any constitutional challenges to SB43 at this time, Plaintiff, KEVIN HODGES, states as follows:

72.     On August 28, 2017, SB43 went into effect as a law approved by the Missouri Legislature and signed by the former Missouri Governor.

73.     Mo. Const. art. I, section 22(a) states: "that the right of trial by jury as heretofore enjoyed shall remain inviolate."  SB43 has, among others, enacted caps on damages, changed the burden of proof, and eliminated causes of action that are common law rights that violates the Missouri Constitution.

74.     Mo. Const., art. III, sections 21, 23 require that an act must not have changed from its original purpose, have a single subject and that single subject must be clearly expressed in its title.  SB43, among others, has more than one subject, fails to conform to the title, fails to keep the public apprised of the general subject matter of the pending law in violation of the Missouri Constitution.

75.     Mo. Const., art. I, section 10 requires due process of law before depriving a person of life, liberty or property.  Laws lacking in reasonable certainty violate due process and are void for vagueness.  SB43 fails to provide sufficient notice to the proscribed conduct to either the actor or enforcer who are subject to the statute and fails to prevent arbitrary or uneven application of the law due to, among others, its confusing and sometimes directly contradictory language.

76.     SB43, among others, has implemented damage caps and eliminated causes of action in violation of the constitution based upon the theories of equal protection and due process.

Electronically Filed - St Louis County - August 08, 2022 - 02:46 PM

77.     The violating provisions of SB43 are essential to the efficacy of SB43 and, therefore, the entire statute should be held unconstitutional.

WHEREFORE, Plaintiff, Keith Logan, respectfully requests that this Honorable Court strike SB43 in its entirety and alternatively to strike any portion of SB43 to the extent the Court deems it severable; to grant temporary, preliminary, and permanent injunctive relief preventing the implementation, enforcement, or application of the unconstitutional laws; for attorney's fees, costs and expenses as may be provided by law, and for such other relief that this Court deems just.

Respectfully submitted,

THE FURNISS LAW FIRM, LLC

/s/*Joshua G. Miller*
Ryan M. Furniss (MO #53787)
Joshua G. Miller (MO #67496)
7750 Clayton Road, Suite 102
Saint Louis, MO 63117
(314) 899-9101
(314) 627-5891 (fax)
rfurniss@furnisslaw.com
jmiller@furnisslaw.com

*Attorneys for Plaintiff*